IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 22 | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. _____ |
| OMAHA ELECTRIC SERVICE, INC. | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT TO ENFORCE ARBITRATION AWARD**

COMES NOW Plaintiff International Brotherhood of Electrical Workers Local No. 22 ("Plaintiff" or "Local 22"), by and through its undersigned attorneys, and hereby brings this action to enforce compliance with an Arbitration Award under Section 301 of the LMRA, 29 U.S.C. § 185. In support of its cause of action, Plaintiff alleges as follows:

**PARTIES**

1. Local 22 is an unincorporated association that maintains its principal place of business and executive offices at 8946 L Street, Omaha, Nebraska 68127. Local 22 is a labor organization as defined in Section 2(5) of the NLRA, 29 U.S.C. § 152(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

2. Local 22 is the exclusive collective bargaining representative for various bargaining units of residential electricians and inside wireman electricians located in Iowa and Nebraska.

3. Omaha Electric Service, Inc. ("OESI" or "Defendant") is corporation organized and existing under the laws of the State of Nebraska. At all times relevant hereto, OESI has been an employer in an industry affecting commerce within the meaning of Section 2(2) of the National

1

Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

4. OESI maintains its principal office address at 8506 Madison, Omaha Nebraska 68127.

## JURISDICTION AND VENUE

5. This Action is brought under Section 301 of the LMRA, 29 U.S.C. § 185. As such, jurisdiction is proper under 28 U.S.C. § 1331 and 1337.

6. Venue in this District is proper under 28 U.S.C. § 1391 and 29 U.S.C. § 185, as the Defendant maintains its principal place of business within this district, the collective bargaining agreement was entered into in this district, and the acts or omissions which form the basis of this cause of action occurred in this district.

## BACKGROUND

7. Plaintiff hereby reincorporates the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

*The Collective Bargaining Agreements*

8. OESI is signatory to multi-employer collective bargaining agreements between the Nebraska Chapter of the National Electrical Contractors Association ("NECA") and Local 22, including the Inside Wireman Agreement (the "Inside CBA") and the Residential Wireman Agreement (the "Residential CBA"). Relevant excerpts of the Inside CBA are attached hereto as Exhibit A. Relevant excerpts of the Residential CBA are attached hereto as Exhibit B.

9. Both the Inside CBA and the Residential CBA contain provisions for referral of employees to signatory employers via a hiring hall operated by Local 22, to perform work covered by the terms of the respective agreements.

10. Article II, Section 2.13 of the Inside CBA provides that the "scope of work covered by this Agreement shall include the handling, installing, assembling, erecting, connection and maintaining of all equipment and apparatus after delivery to job site. . . ."

11. The Residential CBA provides that it is "mutually agreed that the provisions of this Agreement shall apply to all units built primarily for family residence not to exceed three (3) story limits."

12. Under both the Residential CBA and Inside CBA, Local 22 and OESI have agreed to a grievance and arbitration procedure to govern disputes that may arise between Local 22 and OESI. The grievance and arbitration procedure is set forth in Article I, Section 1.05-1.10 of the Inside CBA.

13. Specifically, the Inside CBA provides for a "Labor-Management Committee of three representing the Union and three representing the Employers." Exhibit A, Article I, Section 1.05. The representatives are selected by Local 22 and NECA. *Id.*

14. Article I, Section 1.06 of the Inside CBA provides that "All grievances or questions in dispute shall be adjusted by the duly authorized representative of each of the parties to this Agreement," and that "in the event that these two are unable to adjust any matter within 48 hours, they shall refer the same to the Labor-Management Committee."

15. Article I, Section 1.07 of the Inside CBA provides as follows:

> All matters coming before the Labor-Management Committee shall be decided by a majority vote. Four members of the Committee, two from each of the parties hereto, shall be a quorum for the transaction of business, but each party shall have the right to cast the full vote of its membership and it shall be counted as though all were present and voting. ***In the absence of a deadlock, the Labor-Management Committee's decision shall be final and binding***.
>
> (emphasis added).

16. In the event of deadlock or a failure to decide or adjust any grievance by the Labor-Management Committee, the Inside CBA provides that the grievance shall be "referred to the Council on Industrial Relations for the Electrical Contracting Industry [the "CIR"] for Adjudication." Exhibit A, Article I, Section 1.08. In such case, the decision of the CIR shall be "final and binding." *Id.*

*The Grievances and Labor-Management Committee Award*

17. In 2022, OESI's employees performed electrical maintenance work at various non-residential locations, and employed journeyman electricians who were, at all relevant times, represented by Local 22.

18. As set forth above, the terms of the Residential CBA covers only work on residential units built "primarily for family residence."

19. Under the terms of the Inside Wireman CBA, maintenance work on non-residential projects is covered under the Inside CBA.

20. As set forth in the CBAs and incorporated wage rate sheets, the wage and benefits package for an Inside Wireman Journeyman is significantly higher than a Residential Journeyman.

21. During the time period relevant to Local 22's Grievances, OESI was referred bargaining unit employees who were referred to OESI by Local 22 as Residential Wireman.

22. OESI utilized such employees to perform maintenance work covered under the terms of the Inside CBA.

23. On or about May 18, 2022 and May 24, 2022, Local 22 filed two (2) grievances against OESI relating to two (2) individuals referred to OESI from the Local 22's hiring hall as residential wiremen, which were directed by OESI to perform work out of classification (the "Grievances"). The Grievances are attached hereto as Exhibit C and D.

4

24. After the Grievances were filed, Local 22 made multiple information requests to OESI concerning the work performed by the individuals named in the Grievances.

25. After OESI's initial refusal to provide information, and after several follow-up requests by Local 22, OESI provided some of the requested information.

26. The information provided by OESI confirmed that on several instances, Residential Wireman were assigned to perform work out of classification, in violation of the above CBAs.

27. Thereafter, the Grievances were referred to the Labor-Management Committee for resolution, as no resolution was reached between OESI and Local 22.

28. The Labor-Management Committee heard the Grievances on or about March 20, 2023. Six (6) members were present, including three (3) Local 22 appointees and three (3) management appointees. Notice of the hearing was provided to representatives of Local 22 and representatives of OESI.

29. Mr. Barry Mayfield, Jr., Business Manager for Local 22, represented Local 22 at the Labor-Management Committee meeting, and presented information and documents in support of Local 22's position concerning the Grievances.

30. During the presentation of his case, Mr. Mayfield distributed several documents to the Labor-Management Committee, including:

   a. The Wage Package for the Inside Wireman effective June 1, 2022;

   b. The Wage Package for Residential Wireman effective April 1, 2022;

   c. Pictures of the individuals named in the Grievances performing maintenance and/or service contract work covered under the Inside Wireman CBA;

   d. Payroll information showing the wage rate and hours worked by the individuals named in the Grievances.

31. During the Labor-Management Meeting, Mr. Mayfield requested a remedy of $14,360.43, representing a conservative estimation of the difference in wages had OESI utilized Inside Journeyman Wireman to perform the work, paid at the Inside Journeyman rate.

32. Mike Bunach, OESI's bargaining representative, had an opportunity to present evidence and argument on behalf of OESI during the hearing.

33. Following presentation of the parties' respective positions on the Grievances, a management representative made a motion to award $12,000.00 to Local 22 for OESI's breach of the CBAs, payable by OESI to resolve the Grievances.

34. The motion to award $12,000.00 to Local 22 was unanimously carried. Minutes setting forth the Labor-Management Committee's decision, prepared by and mutually agreed upon by representatives of Local 22 and NECA, are attached hereto as Exhibit E.

*OESI's Non-Compliance with the Award*

35. Upon information and belief, OESI was subsequently informed of the Labor-Management Committee's decision.

36. Since that time, Local 22 has made several demands to OESI for compliance with the Labor Management Committee's decision.

37. Despite such demands, OESI has failed to comply with the decision.

38. OESI has failed to file any motion to modify or vacate the award or otherwise stay enforcement of the award.

**COUNT I – ACTION TO ENFORCE ARBITRATION AWARD**

39. Plaintiff reincorporates the above paragraphs as if fully set forth herein.

40. Courts must enforce arbitration awards "if the award 'draws its essence from the collective bargaining agreement. . . ." *Titan Wheel Corp. of Iowa v. Local 2048, Ass'n of Machinists*

*& Aerospace Workers*, 254 F.3d 1118, 1119 (8th Cir. 2004) (quoting *United Steelworkers of Am. v. Enter Wheel Car & Corp.*, 363 U.S. 593 (1960).

41. Final and binding decisions by labor-management committees are afforded the same treatment as decisions by neutral third party arbitrators, and such decisions are enforceable in the same manner under Section 301 of the LMRA. *See, e.g., Gen. Drivers, Warehousemen & Helpers Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519-20 (1963).

42. Pursuant to the collective bargaining agreements between the parties, the Labor-Management Committee's decision is final and binding.

43. The Labor-Management Committee's decision draws its essence from the collective bargaining agreements between the parties.

44. Defendant has failed to comply with the Award.

WHEREFORE, Plaintiff respectfully requests that this Court enter an award enforcing the Award in this matter, awarding Plaintiffs' their costs and attorneys' fees in bringing this action, and for all further relief which the Court finds to be just and proper under the circumstances.

Dated May 29, 2024                    Respectfully Submitted,

/s/ Jason R. McClitis
Jason R. McClitis, Neb. Bar. No. 26758
Brandon E. Wood, Neb. Bar. No. 27824
BLAKE & UHLIG, P.A.
6803 W 64th Street, Suite 300
Overland Park KS 66202
jrm@blake-uhlig.com
bew@blake-uhlig.com
(913) 321-8884
(913) 321-2396 Facsimile